CHAPMAN, administratrix, etc., appellant, v. ERIE RAILWAY COMPANY.

*Negligence — master and servant — when master liable to servant for injury from act of fellow servant.*

The superintendent of a division of defendant's railroad appointed and kept in defendant's employ a telegraph operator, who was addicted to habits of intoxication. Notice of such habits had been given to the superintendent and his assistant, who had general charge of his business when he was absent. In consequence of the negligence of such operator, a collision took place between two trains upon defendant's road, whereby plaintiff's intestate, a servant of defendant, was killed. *Held*, that the superintendent, and in his absence his assistant, was the representative of the defendant, and that keeping. the telegraph operator in defendant's service after his habits were known to such superintendent or assistant was negligence on the part of defendant, which would render it liable for the death of plaintiff's intestate.

THIS is an appeal from an order at special term granting a new trial on a case and exceptions.

This action was brought to recover damages for the death of the plaintiff's husband, on the ground that the same was occasioned by the negligence of the defendant. The deceased was an engineer in the employ of the defendant at the time of his death, which was caused by the collision of two freight trains on the defendant's road, which collision was the result of the admitted negligence of one Allison, the telegraph operator and train dispatcher employed by the defendant, and engaged at the time in regulating and directing the running of freight trains on such road, and under the supervision and appointment of Henry C. Fisk, who was at the time of the said collision, and for ten years previously had been, the division superintendent, appointed by the defendant, of its road from Buffalo to Hornellsville, and had the general charge of that part of the defendant's road, and of the running of the trains thereon, and of the telegraph employees of the defendant, and of the general performance of these duties. One Charles Calligan, at the time of said collision, was the assistant of said Fisk, and in the absence of said Fisk performed the duties which devolved upon said Fisk, and at night usually had charge of the telegraph employees of the defendant, and of the general performance of their duties.

The said collision occurred between Hornellsville and Buffalo, and

all the defendant's telegraph operators between those places were under the supervision of said Fisk.

Proof was given tending to show that the said Allison, the said telegraph operator, was addicted to habits of intoxication, and that notice or knowledge of this fact was possessed by both Fisk and Calligan. This proof was duly objected to and received under exception, and the case was submitted to the jury upon a charge in substance that notice to Fisk, and in his absence notice to Calligan, of the habits of Allison, was notice to the defendant of the habits of Allison. In response to a remark or request of counsel for the defendant, the circuit judge charged that Fisk was to be treated as the master and executive officer. He had charge as a master of the company, and Calligan in his absence.

The defendant's counsel duly excepted to each of these propositions.

The plaintiff had a verdict at the circuit for $5,000 and interest from the time of the death, amounting with interest to $5,752.47.

A motion was made at special term upon a case and exceptions for a new trial, which was granted, and the plaintiff appealed from the order to this court.

*Benjamin J. Austin, Jr.*, for appellant. The superintendent stood in place of the defendant, and was the master of the deceased. *Brickner* v. *N. Y. C. R. R. Co.*, 2 Lans. 506; *Paterson* v. *Wallace*, 28 Eng. L. & Eq. 48; *Perkins* v. *N. Y. C. R. R. Co.*, 24 N. Y. 196; *Farwell* v. *B. & W. R. R. Co.*, 4 Metc. 49; *Warner* v. *Erie Railway Co.*, 39 N. Y. 468; *Gallagher* v. *Piper*, 111 Eng. Com. L. 668; *Walker* v. *Bolling*, 22 Ala. 294; *Coon* v. *S. & U. R. R. Co.*, 5 N. Y. 492; Laws of 1857, chap. 628, § 31. The custom of running trains by telegraph is negligence as a matter of law. *Tarrent* v. *Webb*, 37 Eng. L. & Eq. 281; *Murray* v. *S. C. R. R. Co.*, 1 McMul. 389. The fact that intestate knew that the trains were run by telegraph did not excuse defendant. *Hayes* v. *W. R. R. Co.*, 3 Cush. 270; *Snow* v. *H. R. R. Co.*, 8 Allen, 441; *Clark* v. *Holmes*, 7 Hurlst. & Norm. 937; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 535; *Waller* v. *S. E. Railway Co.*, 2 H. & C. 101; *Keegan* v. *W. R. R. Co.*, 8 N. Y. 175; Laws of 1867, chap. 49, § 1.

*John Ganson*, for respondent. To render defendant liable it must have been negligent itself to the employee injured, although such

employee may have been of inferior grade to that of the co-employee through whose carelessness the injury was inflicted. *Warner* v. *Erie Railway Co.,* 39 N. Y. 468; *Coon* v. *U. & S. R. R. Co.,* 5 N. Y. 492; *Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y. 564; *Hard* v. *V. C. R. R. Co.,* 32 Vt. 473; *Hayes* v. *W. R. R. Co.,* 3 Cush. 270; *Albro* v. *Agawam Canal Co.,* 6 id. 75. Knowledge or notice to the master of the incapacity of the employee is necessary to make out negligence on part of master. *Wilson* v. *Meny,* 1 Law Rep., H. L. Sc. 326; *Kenyon* v. *W. R. R. Co.,* 8 N. Y. 175; Price on Rail. Law, 294; *King* v. *B. & W. R. R. Co.,* 9 Cush. 112; *Priestly* v. *Fowler,* 3 M. & W. 1; *McMillan* v. *S. & W. R. R. Co.,* 20 Barb. 349; *Langloys* v. *B. & R. R. R. Co.,* 19 id. 264; *Tarrant* v. *Webb,* 89 Eng. C. Law. 795. Upon the question of notice to the defendant. *Wigmore* v. *Jay,* 3 Exch. 354; *Gallagher* v. *Piper,* 16 C. B. N. S. 669; *Fellthem* v. *England,* 2 Law Rep. Q. B. 33; *Morgan* v. *V. of N. Railway,* 1 id. 148.

E. D. SMITH, J. The new trial was granted at special term upon the express ground that the plaintiff's husband and Allison, the telegraph operator of the defendant, were fellow-servants of a common master, engaged in the same general business, and that the liability to injury from negligence of a co-servant was a risk that each servant took upon himself in the service of such common master. Following the case of *Warner* v. *Erie Railway Co.,* 39 N. Y. 468, the views of the learned judge were doubtless in accordance with those expressed in the opinion in that case as generally received, that no class of officers of a corporation below the board of directors, at least, represented the corporation as masters to such an extent that their acts of omission or commission could bind the corporation as in the relation of a master to a servant, as between the respective agents, officers, servants or employees of such corporation. One of the head-notes in the case of *Warner* v. *The Erie Railway Co., supra,* as the case is reported, asserts that " the only ground of liability of a master to an employee from injuries resulting from the carelessness of a co-employee which the law recognizes, is that which arises from the personal negligence or want of proper care and prudence in the management of its officers, or in the selection of its agents or appliances."

The rule as thus stated is obviously of small consequence as a protection to the servants or employees of a corporation, when it is

considered that a corporation acts entirely through officers and agents and there can be no other personal negligence committed, by or imputed to, it except the negligence of such officer or agent, and when it is held also that all the agents and employees of a corporation are fellow servants of a common master, it is difficult to see why, under such rules, corporations are not virtually absolved from all the common-law liability of a master to take care of his servants and protect them from unjust and unreasonable danger and injuries resulting from the negligence of others. But the recent case of *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 531, shows that the present court of appeals is receding from this extreme ground. This case asserts a sounder and more reasonable rule. Judge FOLGER, who gives the opinion of the court, says: "The duty of the master to his servants is to use reasonable care to provide and employ none but competent and skillful servants, and to discharge from his service on notice thereof any who fail to continue such.

"And applying the rule to the case in hand, we are of the opinion that the defendant was negligent toward the plaintiff in retaining Westman in its service after his habits of drinking to drunkenness were known to Colby, its general agent for hiring and discharging men of the class of Westman."

These views apply to this case. The analogy between them is quite clear and perfect. Within the rule of this case Fisk, and in his absence Colligan, was the proper representative of the defendant and bound the corporation, as Colby did in the case of *Laning* v. *N. Y. C. R. R. Co.*, and upon the same principle. Fisk employed Allison, the telegraph operator, and, the jury have found, knew his habits of drunkenness; and his knowledge was the knowledge of the defendant, and his declarations and admissions were properly admissible to prove such knowledge, as was held in respect to admission of Colby, the agent of the defendant in said case of Laning. This question disposes of the chief point presented on the argument, and leads to the reversal of the order granting a new trial. The charge of the judge at the circuit, that Fisk was to be treated as the *master* and executive officer of the defendant, was entirely sound and correct.

It asserts the only practical rule that can be applied in such cases in order to require and make corporations perform their proper common-law duty as masters to their servants and employees, and to the public, as I have had occasion previously to assert, in *Bissel* v. *N. Y.*

*C. R. R. Co.*, 29 Barb. 613; *Perkins* v. *Same*, 24 N. Y. 221; and *Warner* v. *Erie Railway Co.*, 49 Barb. 575. And in *Wright* v. *The Central R. R. Co.*, 25 N. Y. 572, I dissented with another member of the court, from the decision, on the precise ground that the negligence of Upton, the chief engineer, whose duty it was to employ engineers, was to be deemed the negligence of the corporation as master.

The case upon the whole, I think, was properly disposed of at the circuit, and none of the exceptions taken to the rulings and decisions of the circuit judge are well taken.

The order granting a new trial should, therefore, be reversed and a new trial denied, with costs.

*Order reversed and new trial denied.*